I reluctantly, yet respectfully, dissent from the majority opinion. I say reluctantly because I fully concur in the majority's analysis of the law as it pertains to the trial court's April 28, 2000 Judgment Entry.
Nevertheless, I respectfully dissent because I find the trial court's April 28, 2000 Judgment Entry to be a nullity. The January 5, 2000 Judgment Entry denying appellant's Motion for Judicial Release was a final appealable order from which an appeal was properly taken. The April 28, 2000 Judgment Entry was precipitated by appellant's motion to reconsider. The trial court was without jurisdiction to rule on that motion for two separate and independent reasons: 1) the criminal rules do not provide for a motion to reconsider and 2) the then pending appeal in 2000AP020010.
Having abandoned his appeal in Case No. 2000AP020010, the January 5, 2000 Judgment Entry became the law of the case. Appellant's remedy lies in an application for delayed reopening under App.R. 26(B).
 ________________________ WILLIAM B. HOFFMAN, JUDGE